DECISION OF DISMISSAL
On March 30, 2011, Plaintiff filed an Amended Complaint with this court requesting a reassessment of the value of the subject property for tax years 2007-08, 2008-09, 2009-10, and 2010-11, based on the fact that the home on the property was destroyed by fire in 2006. The property at issue is identified in the Assessor's records as Account 01037087.
The court held a case management hearing by telephone May 31, 2011. Plaintiff appeared on her own behalf. Jim Rubbelke, an appraiser in the Clackamas County Assessor's office, appeared for Defendant.
 I. STATEMENT OF FACTS
The parties agreed to the following facts. The subject property was destroyed by fire on August 31, 2006. The fire was apparently started by an arsonist. Plaintiff had the home demolished and completely removed from the property in June 2007. Plaintiff did not replace that structure with another home or other building. Plaintiff received a property tax bill for the property for each of the years at issue. Plaintiff did not challenge the values appearing on the tax statement by filing a petition with the County Board of Property Tax Appeals (BOPTA), or otherwise seek relief from any of the various state tax authorities either through a petition for a reduction in value or a proration of property taxes.
Rubbelke testified that Defendant would have reduced the real market value (RMV) and the maximum assessed value (MAV) as of January 1, 2008, for the 2008-09 tax year, if *Page 2 
Defendant had been aware of the fire. Unfortunately, Defendant was not aware of the fire until Plaintiff filed her appeal with this court in early 2011. Although Rubbelke believes that a reduction in value is warranted, he asserts that the county assessor lacks authority to make any reductions to the value or taxes at this time.
The values of the property for the years under appeal are as follows:
Tax Year Land RMV Imp. RMV Total RMV MAV AV
2007-08 $121,268 $29,450 $150,718 $81,922 $81,922
2008-09 $153,297 $30,370 $183,667 $90,148 $90,148
2009-10 $135,084 $26,560 $161,644 $92,852 $92,852
2010-11 $119,147 $23,170 $142,317 $95,638 $95,638

Plaintiff has requested that the "value" be reduced to reflect the removal of the home and the economic downturn which has reduced property values. Plaintiff did not assert or request a specific value for the property for the years under appeal. Plaintiff does believe that the value on the rolls attributable to the home should be removed. Defendant agrees. Unfortunately, for the reasons set forth below, the court does not have the authority to reduce Plaintiff's values.
 II. ANALYSIS
Oregon has a structured appeals system for taxpayers to follow when challenging the RMV assigned to their property. The first step is to file a petition with the local county BOPTA where the property is located. ORS 309.026(2) (authorizing BOPTA to hear petitions for reductions in assessed value, real market value, and maximum assessed value), ORS 309.100(1) (authorizing property owners and others with an interest in the property to petition BOPTA for the types of relief allowed under ORS 309.026); ORS 305.275(3) (precluding appeals to the magistrate division of the Tax Court if a taxpayer may appeal to BOPTA).[1] Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2). Plaintiff in this *Page 3 
case did not petition BOPTA for any of the years at issue. Instead, Plaintiff filed a direct appeal to this court in early 2011.[2] In so doing, Plaintiff did not properly pursue her statutory right of appeal. Plaintiff's appeal is, in essence, untimely.
The legislature has granted this court authority to review untimely appeals in certain limited circumstances. The applicable statute is ORS 305.288. However, the reach of that statute is limited to the current tax year and the two immediately preceding tax years. See generally ORS 305.288(1) and (3). The determination of the "current tax year" is based on the date the appeal was filed. ORS 305.288(5)(a) (providing that the "`current tax year' has the meaning given the term under ORS 306.115"); ORS 306.115(5) (defining "current tax year" as "the tax year in which the need for the change or correction is brought to the attention of the [court]").
In this case, the Amended Complaint was filed March 30, 2011, which was during the 2010-11 tax year. The "current" tax year was, therefore, 2010-11, and the two immediately preceding tax years are 2009-10 and 2008-09. Those years are within the three-year window of ORS 305.288. Plaintiff has appealed those three tax years plus the 2007-08 tax year. The 2007-08 tax year is beyond the three-year window in ORS 305.288 and must be dismissed for lack of jurisdiction, as there is no other statutory authority under which the court can address that tax year. The court now turns to the years properly before it under the constraints of ORS 305.288.
When residential property is involved, the statute, ORS 305.288,`affords a taxpayer an opportunity to obtain a reduction in value in two instances. One instance in which the court can order a reduction in value, notwithstanding the taxpayer's failure to timely petition BOPTA, is where there is an allegation of an error in the RMV of the property of at least 20 percent. *Page 4 
ORS 305.288(1)(b). Plaintiff has not alleged a 20 percent error in value and completely removing the RMV of the improvement, the home, does not meet the 20 percent error threshold.
The other circumstance in which the court can order a reduction in the value of the property is when the taxpayer establishes "good and sufficient cause" for not timely pursuing that statutory right of appeal. ORS 305.288(3).
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
That statute defines good and sufficient cause as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added).
When questioned by the court, Plaintiff testified that she was unfamiliar with the law and, therefore, did not file a petition with BOPTA for any of the years now under appeal. Plaintiff ultimately appealed to this court for reasons not stated during the hearing. Plaintiff further stated that she was under the mistaken assumption that the assessor automatically reassessed property when a home is burned. Rubbelke testified that the assessor does reduce values when a home is destroyed by fire if the assessor is aware of the destruction of the home. However, as indicated above, the assessor was not aware of the fire in this case until Plaintiff filed her appeal with this court in early 2011. The reason for Plaintiff's failure to properly pursue her statutory right of *Page 5 
appeal for tax years 2008-09, 2009-10, and 2010-11, is basically due to a lack of knowledge. Plaintiffs explanation does not meet the statutory definition of good and sufficient cause and the court cannot, therefore, consider the appeal under that provision.
The court is not aware of any other statutory mechanisms by which it can reduce Plaintiffs property value and the taxes thereon under the facts in this case. However, the parties discussed the option of seeking value reductions by way of a petition to the Oregon Department of Revenue under its authority in ORS 306.115.[3]
 III. CONCLUSION
The court concludes that it must dismiss Plaintiffs appeal for lack of jurisdiction, for the reasons stated above. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal for tax years 2007-08, 2008-09, 2009-10, and 2010-11, is dismissed.
Dated this ___day of June 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon June 15, 2011. The Court filed and entered this documenton June 15, 2011.
[1] Unless noted otherwise, the court's references to the Oregon Revised Statutes (ORS) are to 2009.
[2] Plaintiff's original Complaint was filed February 23, 2011, and her Amended Complaint on March 30, 2011.
[3] Plaintiff intends to petition the Oregon Department of Revenue for a reduction in RMV and MAV for tax years 2008-09, 2009-10, and 2010-11, under the provisions of ORS 306.115 and the corresponding administrative rule, as well as ORS 308.146(5), which allows for reductions in MAV following corrections to RMV due to fire.
 *Page 1